# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40995
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-436-3

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.
PER CURIAM:[*]

Oscar Diaz appeals the sentence imposed following his guilty plea conviction for possession with intent to distribute 500 grams or more, that is, approximately five kilograms, of a mixture and substance containing methamphetamine. He argues that the district court clearly erred in calculating the amount of methamphetamine attributable to him as relevant conduct under U.S.S.G. § 1B1.3. Specifically, he argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40995

methamphetamine that he and his codefendant Melvin Vasquez allegedly delivered on two occasions to unknown coconspirators during the two-week period that preceded the offense of conviction should not have been considered as relevant conduct.

Relevant conduct includes all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." § 1B1.3(a)(2); *United States v. Wall*, 180 F.3d 641, 645 (5th Cir. 1999). Drug offenses may qualify as part of the same course of conduct "if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." § 1B1.3, comment. (n.5(B)(ii)). Relevant factors include "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." § 1B1.3, comment. (n.5(B)(ii)).

The factors of temporal proximity and similarity weigh in favor of the offenses being counted as the same course of conduct. *Cf. United States v. Rhine*, 583 F.3d 878, 886-89 (5th Cir. 2009); *Wall*, 180 F.3d at 645-47. Moreover, the evidence recovered during the search of Diaz's apartment supports a finding that he was involved in the regular distribution of methamphetamine. *Cf. Rhine*, 583 F.3d at 889-91.

Accordingly, the district court did not clearly err in finding that the two prior deliveries of methamphetamine should be considered relevant conduct for purposes of § 1B1.3. *See United States v. Mann*, 493 F.3d 484, 497 (5th Cir. 2007); § 1B1.3, comment. (n.5(B)). The district court's judgment is AFFIRMED.